AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Michail Chkhikvishvili | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  CR24-00286(CBA)<br><br>USM Number:  00121-506<br><br>Zachary Stewart Taylor, Esq. (AUSA<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Two (2) and Three (3) of the Indictment.

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:373,18:249(a)(1)(B) | Solicitation of Violent Felonies (Class C Felony). | July 2022-July 2024 | 2 |
| 18:842(p)(2)(A),18:844 (a)(2) | Distribution of Information Pertaining to the Making and Use of an Explosive Device (Class C Felony). | July 2022- July 2024 | 3 |

  The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    One (1) & Four (4)      ☐ is    ☑ are dismissed on the motion of the United States.

  It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/13/2026
Date of Imposition of Judgment

s/Carol Bagley Amon

Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

June 1 2026
Date

AO 245B (Rev. 11/25) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT:   Michail Chkhikvishvili
CASE NUMBER:   CR24-00286(CBA)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

One hundred eighty (180) months on count two (2) and one hundred eighty months (180) on count three (3) to run concurrent.

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____ ☐ a.m. ☐ p.m. on _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: Michail Chkhikvishvili
CASE NUMBER: CR24-00286(CBA)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) years on count two (2) and three (3) years on count three (3) to run concurrent.

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:  Michail Chkhikvishvili
CASE NUMBER:  CR24-00286(CBA)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk to another person (including an organization), the probation officer, with prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page   5   of   7

DEFENDANT:  Michail Chkhikvishvili
CASE NUMBER: CR24-00286(CBA)

# SPECIAL CONDITIONS OF SUPERVISION

The defendant Michail Chkhikvishvili shall comply with the special conditions:

1). The defendant shall not associate in person, through mail, telephone, or electronic communication, with any individual with an affiliation to any organized crime groups, gangs, or other criminal enterprise, pursuant, but not limited to, a prohibition list provided by the U.S. Probation Office,nor shall the defendant frequent any establishment or other locale identified by the U.S. Probation Office as a location where these persons/groups may meet.

2). The defendant shall cooperate with the U.S. Probation Office's Computer and Internet Management/Monitoring ("CIMP") program. Cooperation shall include, but not be limited to, identifying computer systems (as defined in 18 U.S.C. § 1030(e)(1)), Internet-capable devices, and/or any electronic media capable of data storage the defendant has access to, allowing an initial examination of the device(s), and installation of monitoring software/hardware on the device(s), at the defendant's expense. The monitoring software/hardware is authorized to capture and analyze all data processed by and/or contained on the device, including the geolocation of the device. The geolocation data collected by the monitoring software is to be accessed only if reasonable suspicion exists that the defendant has violated the conditions of supervision. The defendant must provide the Probation Office advance notification of planned use or purchase of any device(s). The defendant shall not use any device(s) without approval until compatibility with current monitoring software/hardware is determined and installation of monitoring software/hardware is completed. In addition to reviewing the monitored data, the Probation Office may access the device(s) if reasonable suspicion exists that the defendant has violated the conditions of supervision. The defendant may be limited in the amount of internet capable devices in their possession based upon the capabilities of the current monitoring software/hardware and the available resources of the Probation Office in order to facilitate effective management and monitoring of the device(s). The defendant shall also permit seizure and removal of computer systems, Internet-capable devices, and any electronic media capable of data storage for further analysis by law enforcement or the Probation Office based upon reasonable suspicion that a violation of a condition of supervision or unlawful conduct by the defendant has or is about to occur. Failure to comply with the monitoring, seizure and/or search of any computer systems, Internet-capable devices, and any electronic media capable of data storage may result in adverse action such as sanctions and/or revocation. The defendant shall inform all parties that access a monitored device, that the device is subject to search and monitoring.

3). The defendant shall report to the U.S. Probation Office any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510(15)) used for user communications, dissemination and/or storage of digital media files (i.e., audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation of release. The defendant shall permit the U.S. Probation Office to access and search any account(s) using the defendant's credentials pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the account(s) to be searched contains evidence of this violation. Failure to submit to such a search may be grounds for revocation of release. The defendant shall allow the U.S. Probation Office to periodically access the accounts to ensure the integrity of the current usernames and passwords.

4). The defendant shall cooperate with and abide by all instructions of immigration authorities.

5). If removed, the defendant may not re-enter the United States illegally.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of    7  

DEFENDANT: Michail Chkhikvishvili
CASE NUMBER: CR24-00286(CBA)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __7__ of ___7___

DEFENDANT:  Michail Chkhikvishvili
CASE NUMBER:  CR24-00286(CBA)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ __200.00__  due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐  C,   ☐  D,   ☐  E, or   ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.